THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DISH TECHNOLOGIES L.L.C. and SLING TV L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> AYLO FREESITES LTD and 9219-1568 QUEBEC INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:24-cv-00066-DAK-JCB <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs DISH Technologies L.L.C. and Sling TV L.L.C.'s (collectively, "DISH") Motion for Alternate Service of Summons and Complaint ("Motion"), in which DISH seeks to serve Defendants Aylo Freesites Ltd ("Aylo") and 9219-1568 Quebec Inc. ("Quebec Inc.") (collectively, "Defendants") via certified mail and email to Defendants' counsel.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the Motion on the written memoranda. Based upon the analysis set forth below, the court grants the Motion.

---

[1] ECF No. 7.

[2] ECF No. 12.

**BACKGROUND**

On an initial reading of the memoranda in support of and in opposition to the Motion, a reasonably informed person may well think that this issue is complicated and maybe even exciting. After all, this case involves foreign entities, multiple lawsuits, mutual allegations of gamesmanship, patented technology, and, last but not least, adult entertainment. Both parties expend pages discussing the multiple lawsuits, why Utah is or is not the proper venue for this case, a possible venue that is starkly opposed to pornography, and why both sides are engaging in gamesmanship. Sadly, when analyzed under the straightforward legal standards that apply to service of process, the issue raised in the Motion is quite pedestrian.

Although the issue raised in the Motion is not complicated, keeping track of multiple lawsuits and the changing names of the parties is. In 2023, Aylo's predecessor-in-interest, known as "MG Freesites Ltd," filed a lawsuit against DISH in the Northern District of California ("*California Action*").[3] Soon thereafter, DISH filed a lawsuit of its own in the District of Utah against multiple entities, two of which are now within the Aylo family of businesses: MG Premium Ltd and MG Billing Ltd ("*Utah I Action*").[4] Aylo's counsel agreed to waive service in the *Utah I Action*.[5]

---

[3] *MG Freesites Ltd v. DISH Techs. L.L.C.*, Case No. 3:23-cv-03674-EMC, ECF No. 1 (N.D. Cal. July 25, 2023).

[4] *DISH Techs. L.L.C. v. MG Premium Ltd*, Case No. 2:23-cv-00552-HCN-DAO, ECF No. 1 (D. Utah Aug. 22, 2023).

[5] *Id.* at ECF No. 27.

2

On January 24, 2024, the Northern District of California dismissed the *California Action*,[6] which set off a litigative chain reaction. On the very day of dismissal, Aylo essentially refiled the *California Action* in the District of Delaware,[7] and DISH filed the instant lawsuit in the District of Utah ("*Utah II Action*").[8] As to the *Utah II Action*, Defendants refused to waive service or to allow their counsel—which is the same counsel in the *Utah I Action*—to accept service on Defendants' behalf.[9]

Aylo's principal place of business is in the Republic of Cyprus, while Quebec Inc.'s principal place of business is, not surprisingly, in Quebec, Canada. Although Cyprus and Quebec are far apart, a corporate officer of Aylo works in Quebec, and Quebec Inc. provides technical services for Aylo's global adult entertainment operations.[10] Further, among the four patent lawsuits in California, Utah, and Delaware—in addition to the 15 actions Aylo has filed against DISH before the Patent Trial and Appeal Board[11]—Aylo and DISH are frequent adversaries fighting over the technology.

Under these circumstances, the court considers the Motion to allow alternative service on Defendants. For the reasons below, DISH's requested alternative service is more than enough to fulfill the Constitution's Due Process requirements. Therefore, the Motion is granted.

---

[6] *California Action*, ECF Nos. 67, 70.

[7] *Aylo Freesites Ltd v. DISH Techs. L.L.C.*, Case No. 1:24-cv-00086-GBW, ECF No. 1 (D. Del. Jan. 24, 2024).

[8] *DISH Techs. L.L.C. v. Aylo Freesites Ltd*, Case No. 2:24-cv-00066-DAK-JCB, ECF No. 1 (D. Utah Jan. 24, 2024).

[9] *Id.*, ECF No. 12-6 at 2 of 5.

[10] *Id.*, ECF No. 12 at 4.

[11] *Id.*, ECF No. 12-2 at 2-3 of 3.

## ANALYSIS

DISH's request for alternative service satisfies the requirements of due process. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[12] Fed. R. Civ. P. 4(f) guides the court as to whether service methods are reasonably calculated to apprise Defendants of DISH's action pending against them. DISH seeks alternative service under Fed. R. Civ. P. 4(f)(3), which allows service "by other means not prohibited by international agreement, as the court orders." "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."[13] And "[b]y all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)."[14] Thus, service under Rule 4(f)(3) "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant."[15]

Synthesizing these requirements, the court's directed method of service must be: (1) reasonably calculated, under all the circumstances, to put Defendants on notice of the *Utah II Action*, and (2) consistent with applicable international agreements. As shown in order below,

---

[12] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); s*ee also Jones v. Flowers*, 547 U.S. 220, 225 (2006) ("[D]ue process does not require actual notice . . . .").

[13] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

[14] *Id*. at 1015 (footnote omitted) (noting that the alternative measures in Fed. R. Civ. P. 4(f) are all stated in the conjunctive "or" and do not textually suggest that one method is preferred over another).

[15] *Id*. (quotations and citations omitted).

serving the summons and complaint in this case by certified mail and email service on Defendants' counsel fulfills both requirements.

First, serving a copy of the summons and complaint by certified mail along with email service on Defendants' counsel is reasonably calculated under the circumstances to apprise Defendants of their obligation to appear and defend against the *Utah II Action*. Unlike the cases on which Defendants rely in their opposition to DISH's motion, there is ample litigation history between Aylo entities and DISH about the very subject matter involved in the *Utah II Action*. And although Quebec Inc. is a relative newcomer to this multi-forum patent litigation between Aylo and DISH, Quebec Inc. and Aylo clearly share a close, collaborative working relationship. Receiving a summons and complaint directed to each Aylo and Quebec Inc. by certified mail will be no surprise to either entity given that they already have actual notice of this action.[16] To further ensure notice, email service of Defendants' counsel—who are part of the aforementioned litigation history between the parties and their various entities and have previously accepted service in the *Utah I Action*—will undoubtedly provide notice that is reasonably calculated to put Defendants on further notice of a lawsuit of which they are already aware. The touchstone of due process is "reasonably calculated, under all the circumstances,"[17] not rigid formality for formality's sake. Therefore, service by certified mail to each Aylo and Quebec Inc. with email service on Defendants' counsel comports with due process.

---

[16] *Cf. Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 374-75 (D. Conn. 2006) (acknowledging rule and citing cases in support that service on a representative of defendant who was well-integrated into the organization was sufficient for due process purposes under Rule 4(h) even though representative himself was not authorized to receive service).

[17] *Mullane,* 339 U.S. at 314.

Second, no party has argued, much less shown, that service by certified mail and email notice to Defendants' counsel violates any international agreement between the United States and Canada or the United States and Cyprus. Additionally, neither side contends that DISH's proposed service method violates the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Given that no international agreement precludes DISH's proposed service method—and because that service method is reasonably calculated under the circumstances to apprise Defendants of what they already know—the Motion is granted.[18]

### ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. The Motion[19] is GRANTED.

2. Within 28 days after the date of this Memorandum Decision and Order, DISH must:

    a. serve a copy of the summons and complaint upon Aylo and Quebec by certified mail; and

    b. serve a copy of the summons and complaint on Defendants' counsel by email.

3. Service on Defendants shall be deemed complete upon DISH sending the above-referenced mailings and emails.

4. DISH must promptly file proof of service with the court.

---

[18] Whether Utah or Delaware is a better venue for these issues is irrelevant to how process to initiate this action can be served according to principles of due process and Rule 4.

[19] ECF No. 12.

IT IS SO ORDERED.

DATED this 24th day of May 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge