IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DISH TECHNOLOGIES L.L.C and SLING TV L.L.C,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**AYLO FREESITES LTD and 9219-1568 Quebec Inc.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00066-DAK-JCB<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Expedited Motion to Stay Pending *Inter Partes* Review [ECF No. 30]. The court does not believe that a hearing will significantly aid in its determination of the motion.

## BACKGROUND

On July 25, 2023, Aylo Freesites ("Aylo") filed an action in the Northern District of California seeking a Declaratory Judgment of non-infringement of U.S. Patent Nos. 10,469,555 (the '555 Patent), 10,757,156 (the '156 Patent), and 11,470,138 (the '138 Patent) in response to Plaintiffs' attempts to extract a license by accusing Aylo of infringing those patents. A month later, Plaintiff DISH filed suit against Aylo in Utah against different, but related, Aylo entities (Aylo Premium Ltd and Aylo Billing Limited) as well as several non-Aylo entities, alleging infringement of the '138 Patent and U.S. Patent No. 11,677,798 (the '798 Patent); 10,469,554

1

(the '554 Patent), 10,951,680 (the '680 Patent); 9,407,564 (the '564 Patent); and 89,868,772 (the '772 Patent).

Aylo petitioned the USPTO for *inter partes* review of the '798, '138, '554, '680, '564, '772, '555, and '156 Patents based on a primary prior art reference referred to as "Ogdon." Later, on January 30, 2024, Aylo filed a second set of IPR petitions challenging all asserted claims of those patents based on a different primary prior art reference, "Leaning." In mid-April, the PTAB granted five of Aylo's Ogdon IPR petitions, on the '798, '138, '554, '555, and '680 Patents, finding there was a "reasonable likelihood" that one or more asserted claims in each patent are unpatentable in view of Ogdon. The PTAB did not institute IPRs for the '722, '564, and '156 Patents. The '234 Patent was issued on May 21, 2024, and on the same day, Aylo filed two IPR petitions each challenging all claims of the '234 Patent based on Ogdon and Leaning. The Leaning IPR petitions, the '234 Patent Ogdon IPR petition, and the '234 Patent Leaning IPR petition, collectively challenging all asserted claims of all Asserted Patents, are still pending before the PTAB with institution decisions due beginning no later than August 13, 2024.

## STANDARD OF REVIEW

"[D]istrict courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Murata Mach, USA v. Daifuku Co., LTD.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016). This court has repeatedly acknowledged that "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings." *ClearPlay v. Dish Network LLC*, No. 2:14-cv-00191-DN-CMR, 2021 WL 2515008, at *2 (D. Utah June 18, 2021). Courts consider three factors when deciding whether to stay a case in favor of IPR proceedings: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3)

2

whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id*. at *1.

## DISCUSSION

After careful review, this court determines that a stay is proper in this case. Each factor is discussed in turn.

First, a stay will simplify the issues. The majority of the Asserted Patents already have IPRs instituted and the remaining pending IPRs challenge every asserted claim of every Asserted Patent. The court will also benefit from the record developed during the IPR proceedings. *ClearPlay*, 2021 WL 2515008, at *2. It is likely that the PTAB's analysis with respect to the instituted IPRs will be relevant to all Asserted Patents given that the patents are all related and have similar specifications and share common claim terms. *See IOENGINE LLC v. Paypal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 394058, *8–12 (D. Del. Aug. 21, 2019). Thus, the first factor is met.

As to the second factor, this case is in its infancy. As of the date this motion was filed, there has been no discovery, no response to a complaint, no scheduling order, and no trial date set. Thus, there is no dispute that this second factor weighs in favor of a stay.

The third factor also weighs in favor of a stay. The "delay inherent to the [IPR] process does not constitute, by itself, undue prejudice." *ClearPlay*, 2021 WL 2515008, at *2. In fact, a stay is favored "where the movant promptly moved for reexamination and has not used dilatory tactics or demonstrated bad faith." *Polaris Indus. V. BRP US Inc.*, No. 12-01405 ADM/SER, 2012 WL 5331227, *2 (D. Minn. Oct. 29, 2012). Here, Aylo filed the Ogdon IPR Petitions before Plaintiff DISH filed this lawsuit. Aylo filed the Leaning IPR petitions days after this

3

lawsuit was filed, and Aylo filed the '234 Patent IPR petitions the same day the '234 Patent was issued, and Plaintiff DISH amended its complaint to add that patent.

Furthermore, Plaintiff DISH and Defendants are not competitors. Monetary relief will be sufficient to compensate Plaintiff DISH for any damages it is able to prove, and a "stay will not diminish the monetary damages to which [Plaintiff DISH] will be entitled to if it succeeds in the infringement suit." *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). For these reasons, this third factor leans in favor of a stay.

## CONCLUSION

For the foregoing reasons, this court GRANTS Defendants' Expedited Motion to Stay Pending *Inter Partes* Review, and this case is stayed pending the conclusion of all the IPRs pending against Plaintiffs' asserted claims.

DATED this 28th day of August 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge